
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/ HMcDaniel
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GENE EVERETTE WASHINGTON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>J.P. MOONEY, et al., )<br>Defendants. ) | Civil Action No. 7:15-cv-00514<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge | |

Gene Everette Washington, a Virginia inmate proceeding pro se, commenced a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names various staff of the Charlottesville, Virginia, Police Department as defendants: Officer J.P. Mooney, Detective S.A. Cason, Detective Woodzell, Clerk Llezelle Dugger, and Chief Timothy Longo. Defendants filed motions to dismiss and to abstain, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant defendants' motions to dismiss and deny the motion to abstain.

## I.

The complaint reads as follows:

> The theory a[n] exaggerated fabrication of the issues . . . . I did not kill Robin and Mani Aldridge. Detective J.P. Mooney CPIS/103 charge me with 2-counts of first degree murder on 12-8-14, "A-F[I]B." On 6-6-15 J.P. Mooney (CPIS/103) charge me with capital murder – robbery.
>
> Under Duress, apprehending attacks, tried to avoid harm of greater magnitude. [T]heir psychotic behavior turned into a "fatal attraction" toward me and my families expressing "imminent danger," before and after a[n] overt acts [sic] of sufficient imminence.
>
> The fixation resulted in being as[s]ailed [u]pon, including others being attacked. The Aldridge[]s['] psychotic ways was [sic] assaulting me and others (families of mine) physically, mentally, [and] emotionally nearly 2 ½ years and counting. There was a lot of philanthropy-offerings from me and the Aldridge[]s. My resentment insulted the Aldridge[]s.

"Plea for Reason[:]" A settlement of $212,500.00 x 8.5(x2) – Total $3,663,500.00 "compensation[,]" personality judge, emotional distress, public humiliation, family's annoyance, self-disturbances, etc .... "Duress," "compensation[.]"

On a numbered list attached to the complaint, Plaintiff complains that he "was thrown around in the Charlottesville police van like Freddie Gray of Baltimore, M.D."; there were "many procedure abuse, misconducts, brutalities"; and "[d]etectives sp[oke] falsehood[,] perjuries[, and] entrapment[.]" Plaintiff also describes, inter alia, the Aldridges, the press, his generosity, and his and his family's embarrassment from the criminal proceedings. Plaintiff believes he is falsely accused and unconstitutionally incarcerated.

Defendants filed motions to dismiss, arguing that the complaint fails to state a claim against them. Defendants also ask that I abstain from considering any injunctive relief related to his pending prosecution. Online state court records of the Circuit Court for the City of Charlottesville reflect that Plaintiff's criminal trial is scheduled to begin in May 2017.

## II.

I must grant a defendant's motion to dismiss if I determine that the complaint fails to state a claim on which relief may be granted. Resolving this question under the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires me to accept Plaintiff's factual allegations as true.[1] Furthermore, a complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Dismissal under Rule 12(b)(6) is appropriate when, after accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, a court finds with certainty that a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim. Brooks v. City of Winston-Salem, N. C., 85 F.3d 178, 181 (4th Cir. 1996). After liberally construing Plaintiff's allegations, I find that the complaint fails to state a claim upon which relief may be granted.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff fails to state any defendant's personal act or omission that caused a deprivation of a federal right, and Plaintiff's basis for relief cannot rest on mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs). Allegations based on respondeat superior are not sufficient in a § 1983 action. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, Plaintiff fails to allege facts sufficient to

3

state all the elements of a § 1983 claim against any defendant. See, e.g., Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

### III.

For the foregoing reasons, I grant Defendants' motions to dismiss because the complaint fails to state a claim upon which relief may be granted against them. Because Plaintiff fails to allege any involvement of the defendants and the adjudication of the complaint does not affect the interests identified in Younger v. Harris, 401 U.S. 37, 43-50 (1971), the motion to abstain is denied.

ENTER: This 13th day of September, 2016.

_____
Senior United States District Judge